UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD J. TRICARICO, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:20-cv-92 |
| MARION GENERAL HOSPITAL, INC., | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Donald J. Tricarico, Jr. (hereinafter "Tricarico"), by counsel, files this Complaint and Demand for Jury Trial against his former employer, Defendant Marion General Hospital, Inc. ("MGH") under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* (the "ADA") and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* (the "USERRA").

### I. PARTIES, VENUE, AND JURISDICTION

1. Tricarico is a citizen of Wisconsin and formerly resided in Marion, Indiana during his employment at MGH.

2. Tricarico worked as the Chief Administrative Officer of MGH from March 7, 2016, to January 14, 2019.

3. MGH is located in Marion, Indiana and regularly conducts business in the Northern District of Indiana.

4. At all relevant times, MGH was an "employer" as defined under the Americans with Disabilities Act, 42 U.S.C. § 12111, and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301(4).

5. At all relevant times, Tricarico was an "employee" as defined by the Americans with Disabilities Act, as defined in 42 U.S.C. § 12111, and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301(3).

6. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, in that the claims arise under the laws of the United States, and particularly 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq*.

7. Venue is proper pursuant to 28 U.S.C. § 1391, in that MGH is subject to personal jurisdiction in the Northern District of Indiana and MGH regularly conducts business activities within the Northern District of Indiana.

8. Tricarico satisfied his requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 8, 2019, alleging disability discrimination and retaliation by MGH.

9. On or about December 23, 2019, the EEOC issued a Notice of Right to Sue related to Tricarico's Charge of Discrimination and Retaliation.

## II.   FACTUAL ALLEGATIONS

10. Tricarico hereby incorporates by reference all other paragraphs of this Complaint.

11. Tricarico is a veteran of the United States armed services, having served as a military officer in Southwest Asia during the Gulf War.

12. Tricarico is disabled, suffering from degenerative disc disease in his lower back, which relates to his military service.

13. Tricarico had a military disability rating of 40% at the time of his employment at MGH. His military disability rating has since increased to 60%.

14. Tricarico worked for MGH from March 7, 2016, until he was terminated on January 14, 2019.

15. Tricarico's most recent position was Chief Administrative Officer of MGH.

16. In 2017, Mr. Tricarico informed MGH that he was unable to sit for long periods of time due to injuries Mr. Tricarico sustained related to his military service, including deployment to Southwest Asia.

17. MGH purchased and installed a Varidesk (an adjustable desk which would allow Mr. Tricarico to sit or stand) for the purpose of accommodating Mr. Tricarico's health conditions related to his military service, including left lower radiculopathy of the femoral nerve, lower extremity radiculopathy of the femoral nerve, and thoracolumbar spine degenerative disc disease.

18. Tricarico's supervisor at MGH was Stephanie Hilton-Siebert ("Hilton-Siebert"), who served as Chief Executive Officer.

19. Hilton-Siebert made repeated comments to Tricarico expressing disapproval of his military background.

20. Hilton-Siebert told Tricarico that she didn't like his "military style."

21. Hilton-Siebert made statements threatening his continued employment such as, "I brought you here and you're still here because of me and only because of me" and, "the only thing between you and the door is me."

3

22. Hilton-Siebert criticized Tricarico for using the gym to stretch and exercise his back to alleviate physical issues from his military service, about which she was aware.

23. Hilton-Siebert excluded Tricarico from important meetings at which information was discussed that directly impacted Tricarico's ability to execute some of his job duties.

24. Tricarico reminded Hilton-Siebert that he should be included in important meetings, but she would repeatedly state that she "forgot", and continued to exclude him.

25. During the last seven months of Tricarico's employment, Hilton-Siebert often avoided communicating with Tricarico, and routinely did not respond to his requests to meet with him.

26. Tricarico asked Hilton-Siebert's secretary, Tina Purvis, to schedule a meeting for Tricarico and Hilton-Siebert. Purvis stated that Hilton-Siebert "wasn't going to do that."

27. In an attempt to keep the lines of communication open, Tricarico frequently emailed "departmental updates" to Hilton-Siebert.

28. Hilton-Siebert rarely responded to Tricarico's updates, and infrequently asked Tricarico any questions regarding the information he provided.

29. Tricarico requested that Hilton-Siebert convene weekly officer meetings and monthly director meetings as a way to facilitate communication and share information.

30. During the course of Tricarico's three years at MGH, Hilton-Siebert convened six or fewer officer meetings.

31. Hilton-Siebert diminished Tricarico's supervisory responsibility by eliminating his informal supervisory role over the Security and Emergency Management department and assigning a younger female, who is not a disabled veteran, to the role.

32. Tricarico was the only bonus-eligible employee at MGH who did not receive an end-of-year bonus in 2018.

33. MGH did not specify any goals or criteria to offer bonuses.

34. Hilton-Siebert was the sole decision-maker regarding employee bonuses in 2018.

35. Hilton-Siebert provided no explanation to Tricarico for denying him a bonus for 2018.

36. On January 7, 2019, Tricarico's attorney sent Hilton-Siebert a letter raising concerns that the discriminatory treatment and harassment Tricarico had experienced, including the decision to deny Tricarico a bonus in 2018, was motivated by his protected status as a disabled American veteran.

37. On January 14, 2019, Hilton-Siebert invited Tricarico to her office and fired him.

38. During the termination conversation, Hilton-Siebert identified Tricarico's consultation with an attorney as one of the reasons for his termination, and criticized his work ethic for using the gym to stretch his back.

### III.   LEGAL ALLEGATIONS

#### Count I:  Violation of the ADA – Discriminatory Discharge

39. Tricarico hereby incorporates by reference all other paragraphs of this Complaint.

40. Tricarico has a disability.

41. Tricarico was and is qualified to perform the essential functions of the job of Chief Administrative Officer, with or without reasonable accommodation.

42. Tricarico successfully performed the essential functions of the job of Chief Administrative Officer during the entirety of his employment at MGH with his disabling condition of degenerative disc disease, with reasonable accommodation from his employer.

5

43. Tricarico suffered an adverse employment action when MGH terminated his employment.

44. MGH would not have terminated Tricarico's employment, but for his disability.

45. Tricarico has suffered damages as a result of MGH's termination of his employment, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

### Count II:  Violation of the ADA – Retaliation

46. Tricarico hereby incorporates by reference all other paragraphs of this Complaint.

47. Tricarico suffered adverse employment action when Hilton-Siebert terminated his employment.

48. MGH retaliated against Tricarico by firing him in response to his attorney's letter to MGH alleging discriminatory treatment on the basis of his disability.

49. Tricarico has suffered damages as a result of MGH's retaliation, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

### Count III:     Violation of the USERRA – Discriminatory Discharge

50. Tricarico hereby incorporates by reference all other paragraphs of this Complaint.

51. Tricarico is a veteran of the United States armed services.

52. MGH treated Tricarico differently than other employees because of his military veteran status.

53. MGH would not have terminated Tricarico's employment, but for his military veteran status.

54. Tricarico suffered an adverse employment action when MGH terminated his employment.

55. Tricarico has suffered damages as a result of MGH's termination of his employment, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

### Count IV:  Violation of the USERRA – Retaliation

56. Tricarico hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

57. Tricarico suffered adverse employment action when Hilton-Siebert terminated his employment.

58. MGH retaliated against Tricarico by firing him in response to his attorney's letter to MGH alleging discriminatory treatment on the basis of his veteran status.

59. Tricarico has suffered damages as a result of MGH's retaliation, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

### IV.    RELIEF REQUESTED

Tricarico requests the following relief:

a. All salary and economic benefits lost as a result of Defendant's unlawful actions, including, but not limited to, back pay, front pay, employer provided benefits, and loss of future earning capacity;

b. Compensatory damages;

c. Liquidated damages;

d. Punitive damages;

7

  e.  Damages for emotional distress, mental anguish, and pain and suffering;

  f.  All costs and reasonable attorney fees incurred in litigation this action;

  g.  Pre-judgment and post-judgment interest; and

  h.  Any and all other legal and/or equitable relief to which Tricarico is entitled.

WHEREFORE, Plaintiff Donald J. Tricarico, Jr. requests a judgment in his favor, the costs of this action, a trial by jury, and for all other just and proper relief.

            Respectfully submitted,

            */s/ Kathleen A. DeLaney*
            Kathleen A. DeLaney (#18604-49)
            Annavieve C. Conklin (#33875-32)
            *Attorneys for Plaintiff*

DeLaney & DeLaney LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205
Tel. 317.920.0400
Fax  317.920.0404
Kathleen@delaneylaw.net
aconklin@delaneylaw.net

## **JURY DEMAND**

Plaintiff, Donald J. Tricarico, Jr., by counsel, hereby demands a trial by jury on all issues so triable.

            Respectfully submitted,

            */s/ Kathleen A. DeLaney*
            Kathleen A. DeLaney (#18604-49)
            Annavieve C. Conklin (#33875-32)
            *Attorneys for Plaintiff*