UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD J. TRICARICO, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO. 1:20-cv-00092-WCL-SLC |
| | ) |
| MARION GENERAL HOSPITAL INC., | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion to amend filed by Defendant on October 5, 2020, seeking to file an amended answer to assert an additional affirmative defense. (ECF 21). Plaintiff filed a response in opposition to the motion on October 12, 2020, asserting that the motion is untimely, would unduly prejudice him, and is futile. (ECF 22). Defendant filed a reply brief on October 19, 2020, and the motion is now ripe for ruling. (ECF 23). For the following reasons, the motion to amend answer will be GRANTED.

*A.  Factual and Procedural Background*

On February 24, 2020, Plaintiff filed this case against Defendant, his former employer, alleging that it discriminated and retaliated against him by terminating his employment in January 2019, in violation of the Americans with Disabilities Act and the Uniformed Services Employment and Reemployment Rights Act. (ECF 1). Defendant timely filed an answer to Plaintiff's complaint on April 15, 2020. (ECF 15). On April 16, 2020, the Court conducted a preliminary pretrial conference, setting the following deadlines in accordance with Federal Rule of Civil Procedure 16(b):  May 26, 2020, for Plaintiff to seek leave to amend the pleadings; June 25, 2020, for Defendant to seek leave to amend the pleadings; and November 25, 2020, for the

completion of all discovery. (ECF 16, 17). On October 5, 2020, Defendant filed the instant motion seeking to amend its answer to assert an additional affirmative defense pertaining to after-acquired evidence, indicating that it discovered additional evidence giving rise to this defense during the Plaintiff's deposition on August 4, 2020. (ECF 21 ¶ 4).

### B.  Standard of Review

When a motion to amend is filed after the Federal Rule of Civil Procedure 16(b) deadline to do so has passed, the Court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of [Federal Rule of Civil Procedure] 15(a)(2) [are] satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted) (upholding a denial of a motion for leave to amend nine months after the deadline to amend had passed).

Pursuant to Rule 15(a)(2), when a party can no longer amend the pleadings as a matter of right, a party must seek the court's leave or the written consent of the opposing party. While the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (collecting cases). Leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the

2

amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)).

"Undue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 2015) (quoting *A. Cherney Disposal Co. v. Chi. & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975)). As such, the Court must balance the hardship to the moving party if the motion is denied, the reasons the moving party failed to include the new party in the initial pleading, and the supposed injustice to the nonmoving party should the motion be granted. *Id.* (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 (2d ed. 1990)).

### C. Discussion

Defendant filed the motion to amend answer more than three months after the applicable deadline to seek leave to amend its pleadings. As such, Defendant must show "good cause" for the untimely amendment. Fed. R. Civ. P. 16(b)(4).

In an effort to do so, Defendant asserts that during Plaintiff's deposition on August 4, 2020, it discovered information that it was unaware of when filing its answer—that Plaintiff purportedly compromised the confidentiality of patient records by emailing confidential information to his personal email address on or around August 28, 2018. (ECF 21 ¶ 5). Per Defendant's telling, Plaintiff's alleged "unauthorized action of sending confidential patient information from a secure Hospital email account to an unsecured personal email account . . . is a terminable offense." (ECF 23 at 6). Accordingly, Defendant seeks to amend its answer to

3

assert an affirmative defense of after-acquired evidence.  (*Id.*).

Plaintiff responds that Defendant did not act diligently in seeking the amendment because "the email message was available to Defendant at all times from August 28, 2018, forward as it was sent via Defendant's email server."  (ECF 22 ¶ 5).  Defendant counters that it would have had to search its computer servers for "an email that it did not know, and had no reason to expect, existed," stating that it first learned of the offending email through Plaintiff's discovery responses on July 8, 2020.  (ECF 23 at 3-4).  Defendant explains that once it received Plaintiff's discovery responses, it needed to confirm at Plaintiff's deposition on August 4, 2020, that the email recipient's address was actually Plaintiff's personal email.  (*Id.* at 4).  Defendant further states that the deposition transcript was presented to the parties for review on or about August 19, 2020, and that per Federal Rule of Civil Procedure 30(e), Plaintiff had thirty days to review and make changes to the transcript.  (*Id.* at 5).  Defendant then filed the motion to amend just a few weeks after the passing of Plaintiff's deadline to make changes to the deposition transcript.  (*Id.* at 6).

Defendant argues that once it learned about the offending email, it acted diligently in confirming that it had a good faith basis in law and fact to assert an affirmative defense based on after-acquired evidence.  *See Ellmann v. Amsted Rail Co., Inc.*, No. 2:17-cv-361, 2018 WL 1725494, at *2 (N.D. Ind. Apr. 9, 2018) (granting a motion to amend answer to belatedly assert the after-acquired evidence defense, where the defendant "indicated that before preparing the appropriate motion it had to establish a good faith basis for raising an additional affirmative defense"); *see generally Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997) ("Once the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties

4

and the court to his intent to pursue that defense."). The Court agrees that given Defendant's reasoned explanation for its delay, Defendant has established "good cause" under Rule 16(b)(4) for the belated amendment.

Turning to Rule 15(a)(2), Plaintiff argues that the amendment should be denied not only due to Defendant's undue delay, but also because he will be unduly prejudiced by the amendment and because the amendment is futile. (ECF 22 ¶ 6). More particularly, Plaintiff asserts that the belated amendment would unduly prejudice him because it would necessitate additional written discovery, re-deposing a witness (Stephanie Hilton-Seibert), and potentially taking further depositions to develop comparator evidence on the after-acquired evidence defense. (*Id.* ¶ 18).

Indeed, allowing the belated amendment will likely result in the need for additional discovery, and the discovery period is set to close on November 25, 2020. Therefore, the amendment will prejudice Plaintiff to the extent that he will need to defend against this affirmative defense and likely perform some additional discovery. "However, being required to defend against new allegations made in pleadings is not the sort of prejudice that is undue in the context of amended pleadings." *Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) ("If such prejudice were considered undue, then amended pleadings would rarely be permissible."). This case was filed in February 2020, and there have been no previous extensions to the discovery period. The prejudice that Plaintiff will experience by the belated amendment can be cured by extending the discovery period to allow for the necessary additional written discovery and depositions. Therefore, while Plaintiff will suffer some prejudice by the amendment, such prejudice is not

5

undue where the amendment should be precluded.

Plaintiff also claims that the amendment should be disallowed because it would be futile. "Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Ellmann*, 2018 WL 1725494, at *2 (citations omitted). Plaintiff claims that the amendment is futile because he did not violate Defendant's applicable policies, as "the email message at issue does not contain patient records, and was not disseminated beyond [Plaintiff], who was the recipient of the original communication." (ECF 22 ¶ 19). But Plaintiff's argument is fact-sensitive and relies on his own interpretation of Defendant's policies, and thus, it is premature. (*Id.* ¶¶ 20-23; ECF 22-4); *see Reardon*, 2018 WL 1603381, at *2 ("[F]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the [party] to prevail on the merits." (alteration in original) (citation omitted)). At this early stage, the Court cannot conclude that the after-acquired evidence defense would "necessarily fail" or is "so lacking in merit on [its] face" such that the amendment should be denied. *See Southpoint Condo. Assoc., Inc. v. Lexington Ins. Co.*, No. 19-cv-61365-BLOOM/Valle, 2020 WL 639400, at *6 (S.D. Fla. Feb. 11, 2020) ("Courts have found amendments to defenses to be futile where they would 'necessarily fail' or are so lacking in merit on their face." (collecting cases)); *Ellmann*, 2018 WL 1725494, at *2 ("If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper." (citation omitted)).

To reiterate, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Defendant has shown good cause for the belated amendment under Rule 16(b)(4), and because Plaintiff's arguments of undue delay, undue prejudice, and futility are

6

insufficient to preclude the amendment under Rule 15(a)(2), the motion to amend answer to assert the additional affirmative defense of after-acquired evidence (ECF 21) will be GRANTED.

### *D. Conclusion*

For the foregoing reasons, Defendant's motion to file an amended answer to assert an additional affirmative defense (ECF 21) is GRANTED.  Defendant is AFFORDED to and including November 6, 2020, to file the amended answer (ECF 21-1) solely for the purpose of adding the affirmative defense.  The Court SETS this case for a telephonic scheduling conference on November 12, 2020, at 11:00 a.m.

SO ORDERED.

Entered this 30th day of October 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge