UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD J. TRICARICO, JR., <br><br> Plaintiff, <br><br> v. <br><br> MARION GENERAL HOSPITAL, INC., <br><br> Defendant. | Case No. 1:20-cv-00092-WSL-SLC |

**DEFENDANT MARION GENERAL HOSPITAL, INC.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, Marion General Hospital, Inc. ("MGH," "Hospital" or "Defendant"), by counsel, hereby responds to Plaintiff's Complaint and Demand for Jury Trial ("Complaint") as follows:

**I.      PARTIES, VENUE, AND JURISDICTION**

1.     Tricarico is a citizen of Wisconsin and formerly resided in Marion, Indiana during his employment at MGH.

**ANSWER**:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies same, except that Defendant admits Plaintiff resided in Marion, Indiana during some period of his employment with Defendant.

2.     Tricarico worked as the Chief Administrative Officer of MGH from March 7, 2016, to January 14, 2019.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

2

3. MGH is located in Marion, Indiana and regularly conducts business in the Northern District of Indiana.

**ANSWER**: The allegations contained in Paragraph 3 of Plaintiff's Complaint are conclusions of law to which no response is required; however, to the extent Paragraph 3 of Plaintiff's Complaint contains allegations of fact, Defendant admits that it has facilities located in Marion, Indiana.

4. At all relevant times, MGH was an "employer" as defined under the Americans with Disabilities Act, 42 U.S.C. § 12111, and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301(4).

**ANSWER**: The allegations contained in Paragraph 4 of Plaintiff's Complaint are conclusions of law to which no response is required; however, to the extent Paragraph 4 of Plaintiff's Complaint contains allegations of fact, Defendant admits that at certain times it was an "employer" as defined by the Americans with Disabilities Act and by the Uniformed Services Employment and Reemployment Rights Act.

5. At all relevant times, Tricarico was an "employee" as defined by the Americans with Disabilities Act, as defined in 42 U.S.C. § 12111, and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301(3).

**ANSWER**: The allegations contained in Paragraph 5 of Plaintiff's Complaint are conclusions of law to which no response is required; however, to the extent Paragraph 5 of Plaintiff's Complaint contains allegations of fact, Defendant admits that at certain times Plaintiff was an "employee" as defined by the Americans with Disabilities Act and the Uniformed Services Employment and Reemployment Rights Act.

6. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, in that the claims arise under the laws of the United States, and particularly 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.*

**ANSWER**: Defendant admits that this Court generally has subject matter jurisdiction over complaints filed pursuant to the Americans with Disabilities Act and the Uniformed Services Employment and Reemployment Rights Act pursuant to 28 U.S.C. § 1331 as alleged in Paragraph 6 of Plaintiff's Complaint; however, Defendant denies that such statutes were violated in this case.

7. Venue is proper pursuant to 28 U.S.C. § 1391, in that MGH is subject to personal jurisdiction in the Northern District of Indiana and MGH regularly conducts business activities within the Northern District of Indiana.

**ANSWER**: The allegations contained in Paragraph 7 of Plaintiff's Complaint are conclusions of law to which no response is required; however, to the extent Paragraph 7 of Plaintiff's Complaint contains allegations of fact, Defendant admits that venue is proper in this Court.

8. Tricarico satisfied his requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 8, 2019, alleging disability discrimination and retaliation by MGH.

**ANSWER**: The allegations contained in Paragraph 8 of Plaintiff's Complaint are conclusions of law to which no response is required; however, to the extent Paragraph 8 of Plaintiff's Complaint contains allegations of fact, they are denied, except that Defendant admits

that Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission alleging disability discrimination and retaliation.

9. On or about December 23, 2019, the EEOC issued a Notice of Right to Sue related to Tricarico's Charge of Discrimination and Retaliation.

**ANSWER**: Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## II.     FACTUAL ALLEGATIONS

10. Tricarico hereby incorporates by reference all other Paragraphs of this Complaint.

**ANSWER**: Defendant incorporates its responses to all other Paragraphs of Plaintiff's Complaint in response to Paragraph 10 of Plaintiff's Complaint.

11. Tricarico is a veteran of the United States armed services, having served as a military officer in Southwest Asia during the Gulf War.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

12. Tricarico is disabled, suffering from degenerative disc disease in his lower back, which relates to his military service.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies same.

13. Tricarico had a military disability rating of 40% at the time of his employment at MGH. His military disability rating has since increased to 60%.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies same.

14. Tricarico worked for MGH from March 7, 2016, until he was terminated on January 14, 2019.

**ANSWER**: Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Tricarico's most recent position was Chief Administrative Officer of MGH.

**ANSWER**: Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. In 2017, Mr. Tricarico informed MGH that he was unable to sit for long periods of time due to injuries Mr. Tricarico sustained related to his military service, including deployment to Southwest Asia.

**ANSWER**: Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. MGH purchased and installed a Varidesk (an adjustable desk which would allow Mr. Tricarico to sit or stand) for the purpose of accommodating Mr. Tricarico's health conditions related to his military service, including left lower radiculopathy of the femoral nerve, lower extremity radiculopathy of the femoral nerve, and thoracolumbar spine degenerative disc disease.

**ANSWER**: Defendant denies the allegations of Paragraph 17 of Plaintiff's Complaint, except that Defendant admits that Plaintiff requisitioned several items of office furniture for himself, including an adjustable desk.

18. Tricarico's supervisor at MGH was Stephanie Hilton-Siebert ("Hilton-Siebert"), who served as Chief Executive Officer.

**ANSWER**: Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Hilton-Siebert made repeated comments to Tricarico expressing disapproval of his military background.

**ANSWER**: Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Hilton-Siebert told Tricarico that she didn't like his "military style".

**ANSWER**: Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Hilton-Siebert made statements threatening his continued employment such as, "I brought you here and you're still here because of me and only because of me" and, "the only thing between you and the door is me."

**ANSWER**: Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Hilton-Siebert criticized Tricarico for using the gym to stretch and exercise his back to alleviate physical issues from his military service, about which she was aware.

**ANSWER**: Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Hilton-Siebert excluded Tricarico from important meetings at which information was discussed that directly impacted Tricarico's ability to execute some of his job duties.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Tricarico reminded Hilton-Siebert that he should be included in important meetings, but she would repeatedly state that she "forgot", and continued to exclude him.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. During the last seven months of Tricarico's employment, Hilton-Siebert often avoided communicating with Tricarico, and routinely did not respond to his requests to meet with him.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Tricarico asked Hilton-Siebert's secretary, Tina Purvis, to schedule a meeting for Tricarico and Hilton-Siebert. Purvis stated that Hilton-Siebert "wasn't going to do that."

**ANSWER**:  Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. In an attempt to keep the lines of communication open, Tricarico frequently emailed "departmental updates" to Hilton-Siebert.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Hilton-Siebert rarely responded to Tricarico's updates, and infrequently asked Tricarico any questions regarding the information he provided.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Tricarico requested that Hilton-Siebert convene weekly officer meetings and monthly director meetings as a way to facilitate communication and share information.

**ANSWER**: Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. During the course of Tricarico's three years at MGH, Hilton-Siebert convened six or fewer officer meetings.

**ANSWER**: Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Hilton-Siebert diminished Tricarico's supervisory responsibility by eliminating his informal supervisory role over the Security and Emergency Management department and assigning a younger female, who is not a disabled veteran, to the role.

**ANSWER**: Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Tricarico was the only bonus-eligible employee at MGH who did not receive an end-of-year bonus in 2018.

**ANSWER**: Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. MGH did not specify any goals or criteria to offer bonuses.

**ANSWER**: Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Hilton-Siebert was the sole decision-maker regarding employee bonuses in 2018.

**ANSWER**: Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Hilton-Siebert provided no explanation to Tricarico for denying him a bonus for 2018.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. On January 7, 2019, Tricarico's attorney sent Hilton-Siebert a letter raising concerns that the discriminatory treatment and harassment Tricarico had experienced, including the decision to deny Tricarico a bonus in 2018, was motivated by his protected status as a disabled American veteran.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore denies same.

37. On January 14, 2019, Hilton-Siebert invited Tricarico to her office and fired him.

**ANSWER:** Defendant admits the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. During the termination conversation, Hilton-Siebert identified Tricarico's consultation with an attorney as one of the reasons for his termination, and criticized his work ethic for using the gym to stretch his back.

**ANSWER:** Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

### III.  LEGAL ALLEGATIONS

#### Count I:  Violation of the ADA – Discriminatory Discharge

39. Tricarico hereby incorporates by reference all other Paragraphs of this Complaint.

**ANSWER:** Defendant hereby incorporates its responses to all other Paragraphs of the Complaint in response to Paragraph 39 of Plaintiff's Complaint.

40. Tricarico has a disability.

**ANSWER:** Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Tricarico was and is qualified to perform the essential functions of the job of Chief Administrative Officer, with or without reasonable accommodation.

**ANSWER:** Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Tricarico successfully performed the essential functions of the job of Chief Administrative Officer during the entirety of his employment at MGH with his disabling condition of degenerative disc disease, with reasonable accommodation from his employer.

**ANSWER:** Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Tricarico suffered an adverse employment action when MGH terminated his employment.

**ANSWER:** Defendant admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. MGH would not have terminated Tricarico's employment, but for his disability.

**ANSWER:** Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

I\15665397.1

45. Tricarico has suffered damages as a result of MGH's termination of his employment, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

## Count II: Violation of the ADA – Retaliation

46. Tricarico hereby incorporates by reference all other Paragraphs of this Complaint.

**ANSWER:** Defendant hereby incorporates its responses to all other Paragraphs of Plaintiff's Complaint in response to Paragraph 46 of Plaintiff's Complaint.

47. Tricarico suffered adverse employment action when Hilton-Siebert terminated his employment.

**ANSWER:** Defendant admits the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. MGH retaliated against Tricarico by firing him in response to his attorney's letter to MGH alleging discriminatory treatment on the basis of his disability.

**ANSWER:** Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Tricarico has suffered damages as a result of MGH's retaliation, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

## Count III: Violation of the USERRA – Discriminatory Discharge

50. Tricarico hereby incorporates by reference all other Paragraphs of this Complaint.

**ANSWER:** Defendant hereby incorporates its responses to all other Paragraphs of Plaintiff's Complaint in response to Paragraph 50 of Plaintiff's Complaint.

51. Tricarico is a veteran of the United States armed services.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint and therefore denies same.

52. MGH treated Tricarico differently than other employees because of his military veteran status.

**ANSWER:** Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. MGH would not have terminated Tricarico's employment, but for his military veteran status.

**ANSWER:** Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Tricarico suffered an adverse employment action when MGH terminated his employment.

**ANSWER:** Defendant admits the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Tricarico has suffered damages as a result of MGH's termination of his employment, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

### Count IV:  Violation of the USERRA – Retaliation

56. Tricarico hereby incorporates by reference all other Paragraphs of this Complaint as if fully set forth here.

**ANSWER:** Defendant hereby incorporates its responses to all other Paragraphs of Plaintiff's Complaint in response to Paragraph 56 of Plaintiff's Complaint.

57. Tricarico suffered adverse employment action when Hilton-Siebert terminated his employment.

**ANSWER:** Defendant admits the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. MGH retaliated against Tricarico by firing him in response to his attorney's letter to MGH alleging discriminatory treatment on the basis of his veteran status.

**ANSWER:** Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Tricarico has suffered damages as a result of MGH's retaliation, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

### IV.   RELIEF REQUESTED

Tricarico requests the following relief:

    a.    All salary and economic benefits lost as a result of Defendant's unlawful actions, including, but not limited to, back pay, front pay, employer provided benefits, and loss of future earning capacity;

    b.    Compensatory damages;

    c.    Liquidated damages;

    d.    Punitive damages;

    e.    Damages for emotional distress, mental anguish, and pain and suffering;

    f.    All costs and reasonable attorney fees incurred in litigation of this action;

    g.    Pre-judgment and post-judgment interest; and

    h.    Any and all other legal and/or equitable relief to which Tricarico is entitled.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief requested in the "Relief Requested" portion of Plaintiff's Complaint or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses to Plaintiff's Complaint, Defendant states as follows:

### FIRST DEFENSE

To the extent that any alleged discrimination or retaliation may be found to have been a partially motivating factor in any action by Defendant with respect to Plaintiff, Defendant states that it would have taken the same action in the absence of such partially motivating factor.

### SECOND DEFENSE

Defendant had legitimate, nondiscriminatory, and nonretaliatory reasons for any adverse employment actions taken with respect to Plaintiff.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, for the reason that Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory conduct, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

## FOURTH DEFENSE

Plaintiff's claims for punitive damages are barred because any action or inaction taken with respect to Plaintiff was taken in good faith and was not willful, intentional, or done with a reckless disregard for Plaintiff's rights, if any, under any state or federal statute or common law.

## FIFTH DEFENSE

Plaintiff's claims for punitive damages are barred because Defendant made a good faith effort to prevent any alleged discriminatory or retaliatory conduct in the workplace.

## SIXTH DEFENSE

Plaintiff's damages claims, and other relief, are limited and/or barred because of the after-acquired evidence doctrine. MGH has subsequently discovered evidence of Plaintiff's misconduct that MGH was unaware of at the time of Plaintiff's termination, but had MGH known about the evidence at the time the misconduct occurred, would have led to Plaintiff's termination from employment.

Defendant reserves the right to assert additional defenses not presently known but which become apparent during the course of investigation or discovery.

I\15665397.1

WHEREFORE, Defendant requests that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of Defendant and against Plaintiff, that Defendant be awarded its costs herein, including its attorneys' fees, and for all other relief that the Court deems appropriate.

Respectfully submitted,

ICE MILLER LLP

/s/ *Cameron D. Ritsema*
Paul H. Sinclair, Atty. No. 17556-49
Cameron D. Ritsema, Atty. No. 35347-53

*Counsel for Defendant, Marion General Hospital, Inc.*

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100
Paul.sinclair@icemiller.com
Cameron.ritsema@icemiller.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kathleen A. DeLaney, Esq.
Annavieve C. Conklin, Esq.
DeLaney & DeLaney LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205
Kathleen@delaneylaw.net
aconklin@delaneylaw.net

/s/ *Cameron D. Ritsema*
Cameron D. Ritsema